IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carlos Rivera | **Plaintiff,** | **DOCKET NO.:** |
| **vs.** | | |
| Alex Cruz Martinez and Marten Transport, Ltd. | **Defendant.** | |

## **COMPLAINT**

Plaintiff, Carlos Rivera, by and through his attorneys, Tobi Russeck, Esquire of Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendants, Alex Cruz Martinez and Marten Transport, Ltd., and in support thereof, avers as follows:

## **PARTIES**

1. Plaintiff, Carlos Rivera (hereinafter "Plaintiff"), is an adult individual who resides at 525 Victory Avenue, Phillipsburg, New Jersey 08865.

2. Defendant, Alex Cruz Martinez (hereinafter "Defendant Martinez"), is an adult individual who resides at 330 Vista Circle, Saylorsburg, Pennsylvania 18353, who at all relevant times, was the agent, servant, workman and/or employee of Marten Transport, Ltd. and was acting in the course and scope of his employment.

3. Defendant Marten Transport, Ltd., (hereinafter "Defendant Marten Transport"), is a corporation with its principal place of business located at 129 Marten Street, Mondovi, Wisconsin, 54755.

4. At all times material hereto, Plaintiff was the operator of a 2021 Nissan-Altima owned by Maria Irizarry Colon, with New Jersey license plate number LSY1483.

5. At all times material hereto, Defendant Martinez was the operator of a 2022 Large Blue Truck, with Indiana license plate number 2913884.

6. At all times material hereto, Defendant Marten Transport was the owner of the 2022 Large Blue Truck, with Indiana license plate number 2913884.

## STATEMENT OF JURISDICTION

7. This case is brought under 28 U.S.C.§1332(a)(1), based upon diversity of citizenship. Because Plaintiff is a citizen of the State of New Jersey, Defendants are citizens of the Commonwealth of Pennsylvania and the State of Wisconsin, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity jurisdiction exists in this Honorable Court. The crash at issue took place in the South Whitehall Township, Commonwealth of Pennsylvania, and all parties are diverse.

## FACTUAL BACKGROUND

8. On or about August 10, 2022, at approximately 4:38 a.m., Plaintiff lawfully operated his motor vehicle in the right lane of Westbound US 22 in South Whitehall Township, Pennsylvania.

9. At the same time and place, Defendant Martinez operated his Large Truck in the left lane of Westbound US 22 in South Whitehall Township, Pennsylvania.

10. As Plaintiff was travelling in the right lane, Defendant Martinez unexpectedly and without warning crashed into the left front-end of Plaintiff's vehicle.

11. Defendant Martinez did so carelessly and negligently operate his Large Truck as to cause a collision with the Plaintiff's motor vehicle, causing the Plaintiff to sustain the injuries and damages hereinafter set forth.

12. At all relevant times hereto, Defendant Martinez never slowed down.

13. At all relevant times hereto, the Plaintiff acted in a safe, prudent, and reasonable manner which in no way contributed to his injuries or damages.

## COUNT I
## NEGLIGENCE / RECKLESSNESS
## <u>CARLOS RIVERA v. ALEX CRUZ MARTINEZ</u>

14. Plaintiff incorporates Paragraphs 1 through 13 of his Complaint as if set forth fully at length herein.

15. The negligence, carelessness and/or recklessness of Defendant Martinez, individually and as the agent, servant, worker and /or employee of Marten Transport, Ltd. consisted of, but is not limited to the following:

   a. Failing to maintain proper and adequate control of his large truck so as to avoid crashing into the Plaintiff;

   b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

   c. Driving too fast for the conditions;

   d. Failing to pay proper attention while operating his large truck;

   e. Failing to take proper precautions in the operation of his large truck so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

   f. Operating his large truck in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

   g. Failing to exercise due care and caution under all of the existing circumstances;

   h. Failing to have his large truck unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

   i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or large trucks;

l. Failing to operate his large truck in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his large truck in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his large truck;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of Marten Transport, Ltd.;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Violating FMCSA Regulation 395 dealing with hours of service;

u. Failing to adhere to the amount of hours limit;

v. Failing to properly inspect his large truck;

w. Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours;

    x. Striking the Plaintiff's vehicle as a result of driving in excess of the speed limit;

    y. Consciously choosing to drive over the speed limit;

    z. Consciously choosing to drive over the regulated amount of hours;

    aa. Consciously choosing not to pull his large truck over when the regulated amount of hours on the road was met;

    bb. Consciously choosing to continue driving despite realizing he was physically exhausted;

    cc. Consciously choosing to drive at a high rate of speed during rush hour;

    dd. Consciously choosing to drive at a high rate of speed despite knowing that traffic is susceptible to frequent stops;

    ee. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing his large truck; and

    ff. Acting with a conscious disregard for the rights and safety of the Plaintiff.

16. As a result of the negligence and carelessness of Defendant Martinez, Plaintiff suffered and continues to suffer serious impairment of bodily functions and serious injuries including, but not limited to:

    a. Cervical Facet Joint Syndrome;

    b. Cervical Disc Disorder at C4-C5 level with radiculopathy;

    c. Occipital Neuralgia of left side;

    d. Headache;

    e. Strain to muscles, fascia and tendons at neck level, subsequent encounter;

    f. Cervical Facet joint syndrome;

    g. Thoracic Strain and Sprain; and

    h.    Sprain of left rotator cuff capsule.

17.    As a result of the carelessness and negligence of Defendant Martinez, Plaintiff has suffered property damage and economic losses which are recoverable as damages.

18.    As a result of the carelessness and negligence of Defendant Martinez, Plaintiff incurred excessive medical expenses, will continue to incur medical expenses, and has additionally incurred other outstanding bills related to the accident which are recoverable as damages.

**WHEREFORE**, the Plaintiff, Carlos Rivera, hereby seeks damages hereby seeks all damages allowed, in addition to punitive damages from Defendants, in an amount in excess of $150,000.00.

## COUNT II
## NEGLIGENCE / RECKLESSNESS
## CARLOS RIVERA v. MARTEN TRANSPORT, LTD. as being vicariously liable for Alex Cruz Martinez

19.    Plaintiff incorporates Paragraphs 1 through 18 of his Complaint herein as if set forth fully at length.

20.    The negligence, carelessness, and/or recklessness of Marten Transport, Ltd., as being vicariously liable for the actions of Defendant Martinez, consisted of, but is not limited to the following:

    a.    Failing to maintain proper and adequate control of his large truck so as to avoid crashing into the Plaintiff;

    b.    Driving carelessly in violation of 75 Pa. C.S.A. 3714;

    c.    Driving too fast for the conditions;

    d.    Failing to pay proper attention while operating his large truck;

e. Failing to take proper precautions in the operation of his large truck so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

f. Operating his Large truck in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his large truck unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

l. Failing to operate his large truck in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his large truck in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his Large truck;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of Marten Transport, Ltd.;

r.  Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s.  Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t.  Violating FMCSA Regulation 395 dealing with hours of service;

u.  Failing to adhere to the amount of hours limit;

v.  Failing to properly inspect his large truck;

w.  Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours;

x.  Striking the Plaintiff's vehicle as a result of driving in excess of the speed limit;

y.  Consciously choosing to drive over the speed limit;

z.  Consciously choosing to drive over the regulated amount of hours;

aa. Consciously choosing not to pull his truck over when the regulated amount of hours on the road was met;

bb. Consciously choosing to continue driving despite realizing he was physically exhausted;

cc. Consciously choosing to drive at a high rate of speed during rush hour;

dd. Consciously choosing to drive at a high rate of speed despite knowing that traffic is susceptible to frequent stops;

ee. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing his tractor trailer; and

ff. Acting with a conscious disregard for the rights and safety of the Plaintiff.

21. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Carlos Rivera, hereby seeks damages hereby seeks all damages allowed, in addition to punitive damages from Defendants, in an amount in excess of $150,000.00.

## COUNT III
### NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
### CARLOS RIVERA V. MARTEN TRANSPORT, LTD.

22. Plaintiff incorporates Paragraphs 1 through 21 of his Complaint herein as if set forth fully at length.

23. Defendant Marten Transport, Ltd. had an obligation/duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

24. The Plaintiff was injured as a result of an incident related to Defendant Martinez' driving, more specifically, Defendant Martinez' unsafe driving.

   a. The negligence, carelessness and/or recklessness of Marten Transport, Ltd., individually and through its various employees, servants, agents and/or workers including, but not limited to Alex Cruz Martinez, consisted of, but is not limited to the following: Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Martinez;

   b. Hiring and/or continuing to employ Defendant Martinez despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

   c. Hiring and/or continuing to employ Defendant Martinez despite the fact that it knew or should have known that his driving record made him uninsurable on a commercial auto insurance policy;

   d. Hiring and/or continuing to employ Defendant Martinez despite the fact that it knew or should have known that he was an excluded driver on the commercial auto insurance policy;

e. Hiring and/or continuing to employ Defendant Martinez despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

f. Hiring and/or continuing to employ Defendant Martinez despite the fact that he had a propensity for driving violations;

g. Hiring and/or continuing to employ Defendant Martinez despite the fact that that he had a propensity for speeding;

h. Hiring and/or continuing to employ Defendant Martinez despite his previous driving record;

i. Failing to have an appropriate disciplinary policy within the company;

j. Hiring and/or continuing to employ Defendant Martinez despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

k. Permitting the Defendant to operate a large truck when it knew or should have known that he was not properly qualified and/or trained;

l. Failing to train and/or properly train the Defendant prior to allowing him to operate its large truck;

m. Allowing the Defendant to operate a large truck in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

n. Failing to adopt appropriate employee manuals and/or training procedures;

o. Failing to enforce both the written and unwritten policies of Marten Transport, Ltd.;

p. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Marten Transport, Ltd.;

q. Failing to implement and/or enforce an effective safety system;

r. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

s. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

t. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

u. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

v. Failing to monitor and/or regulate its drivers' actions;

w. Failing to monitor and/or regulate its drivers' hours;

x. Failing to monitor and/or regulate speed at which the drivers drove;

y. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

z. Failed to use a third-party vendor to audit their drivers' logs, or if they did use a third-party vendor, they failed to use it appropriately;

aa. Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

bb. Placing more emphasis on profits than on the safety of its drivers and the motoring public;

cc. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

dd. Failing to act upon and remedy known violations of FMCSA Regulation 395.

25. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE,** the Plaintiff, Carlos Rivera, hereby seeks damages hereby seeks all damages allowed, in addition to punitive damages from Defendants, in an amount in excess of $150,000.00.

>Respectfully submitted,
>**MORGAN & MORGAN**
>**PHILADELPHIA LLC**
>
>By: /s/ Tobi Russeck
>TOBI RUSSECK, ESQUIRE
>ID NO.: 206137
>2005 Market Street, Suite 350
>Philadelphia, PA  19103
>P: (215) 430-5969
>F: (215) 861-0534
>trusseck@forthepeople.com
>www.forthepeople.com

Dated: March 7, 2023